**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| JOHN STEPHENSON and WENDY LEA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LOVANGO ISLAND HOLDINGS, LLP, d/b/a ) <br> Lovango Resort & Beach Club; AKIBA ) <br> PICKERING; and the M/V SALTY HOOKER, ) <br> its engine, tackle, and equipment, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:23-cv-0001 |

**APPEARANCES:**

**A. JEFFREY WEISS, ESQUIRE**
A.J. WEISS & ASSOCIATES
ST. THOMAS, VI 00802
    *FOR PLAINTIFFS*,

**CHIVONNE A.S. THOMAS, ESQUIRE**
HAMILTON, MILLER & BIRTHISEL
MIAMI, FL 33131
    *FOR DEFENDANT LOVANGO ISLAND HOLDINGS, LLP,*

**NICOLE-LYNN KING-RICHARDSON, ESQUIRE**
KING & KING LAW, P.C.
ST. THOMAS, VI 00802
    *FOR DEFENDANTS AKIBA PICKERING*
    *AND M/V SALTY HOOKER*

<u>**MEMORANDUM OPINION**</u>

**MOLLOY, Chief Judge**

  **BEFORE THE COURT** is Defendant Lovango Island Holdings, LLP's Motion to Dismiss Plaintiff's Complaint (Mot.) (ECF No. 11), filed on February 10, 2023. Plaintiffs filed their opposition on March 3, 2023. (ECF No. 12.) The time for filing a reply has expired. This matter is ripe for adjudication. For the reasons stated below, the Court will grant the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an alleged collision on January 24, 2021, between a 16' skiff occupied and operated by Plaintiffs and a larger vessel, the M/V Salty Hooker, owned and operated by Defendant Akiba Pickering. Complaint (Compl.) (ECF No. 1) at ¶¶ 4, 5,[1] 7, 9, and 11. According to the complaint, the skiff was owned by Defendant Lovango Island Holdings, LLP d/b/a Lovango Resort & Beach Club (Lovango). *Id*. at ¶ 7.

Plaintiffs allege that on January 24, 2021, they used the said skiff to motor from Lovango Cay to Cruz Bay, St. John. *Id*. at ¶ 7. Plaintiffs allege that they were unaware that the skiff was either not equipped with running and/or navigation lights or that such lights were inoperable until they set to return to Lovango Cay from Cruz Bay at approximately 8:50 p.m. (AST) that night when it was "full dark." *Id*. at ¶ 9. Plaintiffs further allege that, as they "approached the 1st channel ma[r]ker," Defendant Pickering was operating the M/V Salty Hooker at a "high and excessive rate of speed" toward them, "appear[ing] to increase rather than decrease its speed, and collided with their vessel striking it almost head-on." *Id*. at ¶ 11. Plaintiffs claim that they suffered severe and major injuries as a result of the collision. *Id*. at ¶¶ 16-17, 19-20. Plaintiffs conclude that the lack of or inoperable running/navigational lights was the proximate cause of the collision. *Id*. at ¶ 40.

Plaintiffs assert two counts against Defendant Lovango, solely: Count II, styled as a maritime action for negligence and Count III for negligence *per se*; and, one count against all Defendants: Count IV, styled as common-law negligence. Defendant Lovango moves to dismiss Count II and Count IV, as against it, for failing to state claims upon which relief can be granted. *See* Mot. at 4-5. Lovango further requests the Court to strike Plaintiffs' demand for trial by jury. *Id.* at 6.

## II. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff*." In re Insurance Brokerage Antitrust Litig.*, 618 F. 3d 300, 314 (3d

---

[1] The complaint contains two paragraphs numbered 5. ECF No. 1-1 at 1-2. This citation is to the first such paragraph numbered 5 that appears at the bottom of page one of the complaint.

Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F. 3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010). *See also Ainger v. Great Am. Assur. Co.*, Civil Action No. 2020-0005, 2022 U.S. Dist. LEXIS 171487, at *6 (D.V.I. Sept. 2022) ("At the Rule 12(b)(6) stage, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.' . . . However, courts may also consider 'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" (quoting *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F. 2d 1192, 1196 (3d Cir. 1993)) and (collecting cases))).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Stephenson et al. v. Lovango Island Holdings, LLP, et al.*
Case No. 3:23-cv-0001
Memorandum Opinion
Page 4 of 12

*Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. DISCUSSION

Plaintiffs allege that Defendant Lovango owed them a duty to ensure the skiff they operated was "seaworthy." Compl. at ¶ 38. They contend that the absence of navigational/running lights or having such lights that were not operational rendered the skiff unseaworthy, as well as breaching Lovango's duty to maintain the skiff and duty to warn. *Id*. at ¶ 39. They further allege that the lack of such lighting caused the collision that resulted in their injuries. *Id*. at ¶ 40.

Defendant Lovango argues that Plaintiffs fail to support their negligence claim contained in Count II with sufficient facts to plead a plausible claim for relief. Mot. at 3-4. Regarding the common law negligence claim of Count IV, Lovango contends that, "Where Plaintiffs merely allege the 'Defendants' engaged in illegal conduct, without specifying which defendant performed which illegal conduct, such pleadings are insufficient . . . ." Mot. at 5 (citing *Japhet v. Francis E. Parker Mem'l Home, Inc.*, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014)).

### A. Count II – Maritime Action for Negligence

As this Court has stated, "The elements of maritime negligence are essentially the same as those for common law negligence." *Crown Bay Marina, L.P. v. Reef Transp., LLC*, Civil No. 2018-73, 2021 U.S. Dist. LEXIS 64084, at *19 n.20 (D.V.I. Apr. 1, 2021) (citing *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 815 (2001); *Frescati Shipping Co. v. Citgo Asphalt Refin. Co.,* 718 F.3d 184, 207 (3d Cir. 2013); (other citation omitted)).[2] In *Frescati*, the Third Circuit Court of Appeals declared:

> Negligence in admiralty law is essentially coextensive with its common law counterpart, requiring (1) "[t]he existence of a duty required by law which obliges the person to conform to a certain standard of conduct"; (2) "[a] breach of that duty by engaging in conduct that falls below the applicable standard or norm"; (3) a resulting loss or injury to the plaintiff; and (4) "[a] reasonably

---

[2] In the Virgin Islands, "A negligence claim requires (1) a legal duty of care to the plaintiff, (2) a breach of that duty of care by the defendant (3) constituting the factual and legal cause of (4) damages to the plaintiff." *Robbins v. Port of Sale*, Case No. ST-12-CV-90, 2018 V.I. LEXIS 110, at *8 (Super. Ct. Oct. 10, 2018) (citing *Machado v. Yacht Haven LLC*, 61 V.I. 373, 380 (2014)).

close causal connection between the offending conduct and the resulting injury."

*Frescati Shipping Co.*, 718 F.3d at 207 (quoting 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* §§ 5-2, at 252 (5th ed. 2011)).

Plaintiffs identify at least three[3] separate claims within this count: failure to maintain, failure to warn, and unseaworthiness. *See* Compl. at ¶ 39.[4] Plaintiffs must allege sufficient facts to support each claim it asserts in this count of the complaint.

**1. Failure to Maintain**

Plaintiffs allege that Defendant Lovango "failed to maintain the . . . Skiff . . ., which it allowed plaintiffs to use such that the running and navigation lights were not working on January 24, 2021; alternatively, failed to install and equip the Skiff with the necessary and required running and navigation lights." *Id.* at ¶ 34. Plaintiffs further claim that Lovango "had either disabled, removed, not maintained, or failed to install an engine cut-off device which would have caused the Skiff's engine to be automatically turn [sic] off if the operator was thrown from the vessel." *Id.* at ¶ 35.

Plaintiffs allege that they used the skiff with the "permission and approval" of Lovango. *Id.* at ¶ 7. They cite to 25 V.I.C. § 294(1), which provides, in pertinent part, that "[e]very motorboat . . . between sunset and sunrise, shall exhibit lights." Subparagraph 3 of the statute further provides, "No person shall operate or give permission for the operation of a vessel which is not equipped as required by this section or modification thereof." 25 V.I.C. § 294(3).

Thus, based upon this statute, the Court finds that Plaintiffs have pleaded allegations that satisfy the first and second elements of the cause of action with respect to the

---

[3] The allegations also could be interpreted to attempt to assert a fourth claim for breach of warranty of fitness for a particular purpose. *See* Compl. at ¶ 38 (where Plaintiffs allege: "Defendant LIH had a duty to ensure that the Skiff and its equipment was reasonably fit for the purpose for which it was being used").

[4] The Court notes that this type of pleading is not acceptable. Combining several claims within one count is a form of "shotgun" pleading that violates Fed. R. Civ. P. 8(a). *Williams v. Flat Cay Mgmt., LLC*, Case No. 3:22-cv-0002, 2023 U.S. Dist. LEXIS 45245, at *16 n.13 (where the Court observes, "[C]ombining all these separate claims into one single count under the heading negligence is improper and is a type of 'shotgun pleading' that violates Fed. R. Civ. P. 8(a)(2)" (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015))).

running/navigation lights, only.[5] Further, the Court finds that, although Plaintiffs have alleged injuries as a result of the collision of the two vessels, Plaintiffs fail to allege sufficient facts to show that such injuries resulted from and were caused by the absence of working lights. "In all cases, maritime negligence is actionable only if it is a legal cause of the plaintiff's injuries—that is, 'the negligence must be a substantial factor in causing the injuries.'" *Crown Bay Marina*, 2021 U.S. Dist. LEXIS 64084, at *20-21 (quoting *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 214 (5th Cir. 2010) (internal quotation marks omitted) (other citation omitted)); *see also Galentine v. Estate of Stekervetz*, 273 F. Supp. 2d 538, 548 D. Del. 2003) ("In order to meet his burden with respect to causation, Plaintiff must demonstrate factual and proximate causation. Admiralty and Maritime Law, supra, § 5-2 at 176. Factual causation involves an inquiry into whether the event would have occurred in the absence of an act or omission. Id. Proximate causation involves an inquiry into whether the damage was a reasonably foreseeable consequence. Id.").

Plaintiffs allege that they "used flashlights to alert other boats to their presence . . . ." Compl. at ¶ 10. The Complaint is devoid of any allegation that the M/V Salty Hooker collided with the skiff occupied and operated by Plaintiffs because it was unaware of the presence of the skiff or failed to detect its presence because the skiff did not have running and/or navigation lights or that such lights were inoperable. The only allegation regarding the cause of the collision is that the Salty Hooker was traveling at an "excessive" rate of speed. *Id*. at ¶ 11. In addition, no allegations connecting the lack of lights to Plaintiffs' alleged injuries appear in the complaint.

Accepting the allegations of the complaint as true and construing all reasonable inferences in favor of Plaintiffs, as the Court must when deciding a motion to dismiss, the Court finds that Plaintiffs have failed to allege a plausible claim for negligence for failure to maintain.

---

[5] Nowhere in Section 294, however, mentions an engine cut-off device. While subparagraph 2 of the statute provides, "Every motorboat shall carry such additional equipment designed to promote the safety of navigation and of persons as the Commissioner may find to be appropriate and for which he has provided in his rules and regulations," 25 V.I.C. § 294(2), Plaintiffs do not cite to any rule or regulation promulgated by the Commissioner of Planning and Natural Resources, 25 V.I.C. § 291(7), requiring an engine cut-off device. Moreover, Plaintiffs fail to allege that an engine cut-off device is either standard equipment for such a vessel or otherwise an expected feature on such a vessel or otherwise aver a standard of care regarding the necessity or requirement for such a device in a claim for failure to maintain a vessel.

### 2. Failure to Warn

Plaintiffs allege that Lovango failed to warn Plaintiffs regarding the absence or inoperable condition of the running/navigation lights and the absence of the cut-off feature of the engine. Compl. at ¶¶ 36-37. However, as with their failure to maintain claim, Plaintiffs fail to allege sufficient facts showing that any failure to warn Plaintiffs concerning the lights was the legal cause of the alleged collision between the skiff and M/V Salty Hooker and the alleged injuries suffered by Plaintiffs in the collision. Therefore, the Court will dismiss this negligence claim for failure to warn, as well.

### 3. Unseaworthiness

"Unseaworthiness is a claim under general maritime law based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001) (citing *Mitchell* v. *Trawler Racer, Inc.,* 362 U.S. 539, 550 (1960)). And, while the claim is based upon a duty, the claim does not sound in negligence. "[L]liability based upon unseaworthiness is wholly distinct from liability based upon negligence . . . [because] unseaworthiness is a condition, and how that condition came into being—whether by negligence or otherwise—is quite irrelevant to the owner's liability for personal injuries resulting from it." *Stein v. Cty. of Nassau*, 417 F. Supp. 3d 191, 197-98 (E.D.N.Y. 2019) (quoting *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 498 (1971)). Thus, this claim is misidentified as a negligence claim in Plaintiffs' complaint.

Even if Plaintiffs had properly stated this claim, the Court finds that the claim fails. Although a vessel owner may be strictly liable for unseaworthiness, such strict liability attaches only to a plaintiff who qualifies as a "seaman." *Corcoran v. Gervais*, 651 F. Supp. 3d 1250, 1256 (W.D. Wash. 2023) (where the court declares, "The admiralty doctrine of unseaworthiness is a form of strict liability that requires the owner of a vessel to ensure that the vessel and its appurtenant equipment and appliances are "reasonably fit for her intended service.'" . . . . To establish a claim for unseaworthiness, a plaintiff must establish: (1) seaman status triggering the warranty of seaworthiness; (2) an injury arising from the condition of the ship or its crew; (3) the equipment used was not reasonably fit for its intended use; and (4) proximate causation between the unseaworthy condition and the injury." (quoting *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 499 (1971) and citing *Ribitzki v. Canmar Reading*

*Stephenson et al. v. Lovango Island Holdings, LLP, et al.*
Case No. 3:23-cv-0001
Memorandum Opinion
Page 8 of 12

*& Bates*, 111 F.3d 658, 664-65 (9th Cir. 1997) (other citations omitted))); *see also Holm v. Meyers*, 609 F. Supp. 3d 1173, 1180 (W.D. Wash. 2022) ("As with claims under the Jones Act, 'claims of unseaworthiness . . . require that the plaintiff be a seaman.'" (quoting *Bauer v. Mrag Ams.*, No. 08-cv-00582, 2009 U.S. Dist. LEXIS 147617, 2009 WL 10695613, at *3 (D. Haw. Sept. 23, 2009) (other citations omitted))); *In re New Canyonlands by Night, LLC*, Cae No. 2:17-cv-01293-DN, 2019 U.S. Dist. LEXIS 190406, at *4 (D. Utah Nov. 1, 2019) ("'[S]eaworthiness is a term of art in the law of admiralty.' It is a duty or warranty extended to seamen and marine workers that 'imposes a form of absolute liability on a sea vessel.' Therefore, unseaworthiness is a theory limited to claims brought by seamen and maritime workers." (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir. 1984) (other citations and footnotes omitted))); *Hancock v. Higman Barge Lines, Inc.*, Civil Action No. 16-14998 Section: "J" (1), 2017 U.S. Dist. LEXIS 132312, *5 (E.D. La. Aug. 18, 2017) ("'[T]he seaworthiness issue is treated like a breach of warranty, rather than the narrower duty-breach inquiry for negligence.' . . . This warranty is 'owed to a narrow class of maritime workers-those who can claim 'seaman' status under the law.' 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 6-27 (5th ed. 2013). The seaworthiness cause of action may only be brought by a vessel's crew member who was injured on the vessel." (quoting *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991) and citing *Speer v. Taira Lynn Marine, Ltd., Inc.*, 116 F. Supp. 2d 826, 829, 830 (S.D. Tex. 2000))); *In re Royal Caribbean Cruises Ltd.*, 459 F. Supp. 2d 1275, 1282 (S.D. Fla. 2006) ("Thus, in Calhoun the U.S. Supreme Court recognized that the doctrine of unseaworthiness was limited to seamen or maritime workers."); *Compagnie Generale Transatlantique, etc.*, 392 F. Supp. 973, 975 (D.P.R. 1975) ("Although claimants couch their allegations in terms of both negligence and unseaworthiness, . . . [t]he warranty of seaworthiness and the absolute liability that attaches to the breach thereof is applicable only to seamen.").

In the matter at bar, the complaint fails to allege specific facts from which the Court can determine that either plaintiff was a "seaman" at the time the alleged injuries occurred. Although the complaint states that Plaintiff Lea was operating the skiff, Compl. at ¶ 9, she is not alleged to be an employee of Defendant Lovango or other "maritime worker" that would

confer "seaman" and/or "crew" status. Thus, the Court finds that Plaintiffs fail to allege a plausible claim for unseaworthiness.

Based upon the foregoing, the Court will grant Lovango's motion and dismiss this count, both for violating Rule 8(a) and for failing to state plausible negligence claims.

## B. Count IV – Common Law Negligence

Defendant Lovango contends that this count should be dismissed on the grounds that Plaintiffs fail to distinguish between the acts and/or conduct of the three named defendants. Mot. at 4-5. Contrary to Lovango's assertions, the Court agrees with Plaintiffs that:

> a review of all of the allegations including those incorporated by reference clearly dispel any doubt that the allegations in paragraphs 7-9, 12, 13, 15-20, together with the allegations in paragraphs 45, & 47-50 are more than adequate to place defendant LIH on notice of the factual basis for the claims being asserted against it, as differentiated from those being asserted against defendant Pickering.

Resp. at 11.

Nevertheless, the Court finds that, as in Count II, Plaintiffs impermissibly include more than one claim within this single count. *See supra* at 5 and n.2-3. In addition, the Court finds that, similar to their failures in Count II, Plaintiffs fail to identify the standard of care regarding the engine cut-off device and fail to allege sufficient facts regarding causation as to Lovango. Regarding the lights, Plaintiffs allege that Lovango "knew or should have known that when it allowed Plaintiffs to use its Skiff . . . that they would have been required to operate the Skiff at night . . . ." Compl. at ¶ 48. The complaint is completely devoid of any factual allegations supporting Plaintiffs' conclusion that Lovango "knew or should have known" that Plaintiffs would be operating the skiff in the dark. Thus, this allegation is "not entitled to the assumption of truth." *Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679). For these reasons, the Court will dismiss this count as to Lovango.

## C. Jury Demand

In addition to seeking the dismissal of Count II and Count IV, Lovango asks the Court to strike Plaintiffs' jury demand. Mot. at 6. Plaintiffs oppose, stating that the "law allows plaintiffs to assert both admiralty claims and state common-law claims for negligence arising from the same incident," Resp. at 13, and insisting that the "common-law negligence claims

*Stephenson et al. v. Lovango Island Holdings, LLP, et al.*
Case No. 3:23-cv-0001
Memorandum Opinion
Page 10 of 12

have an independent jurisdictional basis as there is complete diversity and the jurisdictional minimum has been met. As such plaintiffs have an absolute right to a jury trial on their state law negligence claims." *Id*.

Despite Plaintiffs' assertion that the Court can exercise diversity jurisdiction, the Court is not convinced.[6] The diversity statute, 28 U.S.C. § 1332, provides, in pertinent part, that:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States; . . .
>
> (c) For the purposes of this section and section 1441 of this title—
>
> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .

28 U.S.C. § 1332(a) and (c). Diversity jurisdiction "requir[es] 'complete diversity between all plaintiffs and all defendants' . . . ." *Lincoln Benefit Life Co. v. AEI Life*, LLC, 800 F.3d 99, 101 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life*, 800 F.3d at 101 (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F. 3d 412, 419 (3d Cir. 2010)).

In contrast to a corporation, "[a] limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (3d Cir. 2010). "Partnerships and other unincorporated associations . . . are not considered 'citizens' as that term is used in the diversity statute." *Swiger v. Allegheny Energy, Inc.*, 540 F. 3d 179, 182 (3d Cir. 2008) (citing *Carden v. Arkoma Associates,* 494 U.S. 185, 187–92 (1990)). When determining the citizenship of unincorporated associations, "courts . . . look to the citizenship of all the . . . members of . . . [the] unincorporated association[] to determine whether the federal district

---

[6] Even though Lovango does not contest diversity jurisdiction, since Plaintiffs raise the issue, it is incumbent upon the Court to determine whether complete diversity has been established.

court has diversity jurisdiction." *Swiger*, 540 F.3d at 182 (citations omitted). "In the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." *Id*. at 183. Significantly, "as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (citation omitted).

Defendant Lovango is not a corporation. It is alleged to be a limited liability partnership. Compl. at ¶ 3. Thus, to determine its citizenship for diversity purposes, the Court looks to the citizenship of its partners or members, not where the partnership is organized or doing business. The party asserting diversity jurisdiction bears the burden of proving diversity of citizenship by a preponderance of the evidence. *In re Lipitor Antitrust Litig.*, 855 F. 3d 126, 150 (3d Cir. 2017). Here, the record is devoid of any evidence regarding the members of the partnership or the citizenship of each partner or member.

In the absence of proof of diversity of citizenship and in the face of Plaintiffs' specific reference to Rule 9(h), Compl. at ¶ 5, the Court finds that Plaintiffs have elected to proceed without a jury. *Delagarde v. Tours VI LTD.*, Case No. 3:20-cv-0023, 2022 U.S. Dist. LEXIS 34405, at *12 (D.V.I. Feb. 28, 2022) ("Where a case sounds in admiralty and does not also establish subject matter jurisdiction through federal question or diversity jurisdiction, the case may not be tried by jury." (citing *Colgrove v. Battin*, 413 U.S. 149, 155 n.9 (1973)) and *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247, 58 V.I. 691 (3d Cir. 2013) ("Admiralty suits are not 'Suits at common law,' which means that when a district court has only admiralty or maritime jurisdiction under 28 U.S.C. § 1331(1), the plaintiff does not have a jury-trial right.") (citing *Complaint of Consolidation Coal Co.*, 123 F.3d 126, 132 (3d Cir. 1997))); *see also Rosen v. Brodie*, Civil Action No. 94-3501, 1995 U.S. Dist. LEXIS 2907, at *5-7 (E.D. Pa. Mar. 7, 1995) ("A plaintiff who invokes admiralty and maritime jurisdiction under Rule 9(h) elects to proceed without a jury. *See* Fed.R.Civ.P. 38(e). . . . By referencing Rule 9(h) in his Complaint, Rosen requested the court to apply admiralty procedure to his claims. As such, he has agreed to proceed without a jury. *See Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir. 1975) (reference to 9(h) read as an election to proceed without a jury on

all claims).").[7] Consequently, the Court will grant Lovango's request to strike Plaintiffs' jury demand.

## IV. CONCLUSION

As fully set forth herein, the Court finds that Plaintiffs have failed to plead plausible claims against Defendant Lovango for failure to maintain, failure to warn, and unseaworthiness. Therefore, the Court will grant Defendant's motion to dismiss.

The dismissal of the unseaworthiness claim will be with prejudice. However, the Court will dismiss the other claims Plaintiffs attempt to assert without prejudice and allow Plaintiffs to replead their claims against Lovango and cure the defects, if possible. *See, e.g., Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"). An appropriate Order follows.

**Dated:** February 5, 2024  /s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

---

[7] The *Rosen* court also noted: "Rosen's Rule 9(h) election is revocable. Rosen may attempt to amend by withdrawing the identifying Rule 9(h) statement since diversity of citizenship provides an alternative ground for jurisdiction. Fed.R.Civ.P. 9(h)." *Rosen*, 1995 U.S. Dist. LEXIS 2907, at *9.